UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICHARD NANEZ )
 )
v. ) No. 3:13-0718
 ) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM AND ORDER

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence and Memorandum Of Law In Support (Docket Nos. 1, 1-1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response arguing that the Court lacks jurisdiction because the Motion is "second or successive" and the Petitioner has not obtained certification from the Sixth Circuit Court of Appeals to file it. (Docket No. 9).

At the conclusion of a three-day trial, the Petitioner and Co-Defendant Kevin C. Neal were convicted of engaging in a drug conspiracy involving five kilograms or more of cocaine, and of possessing with intent to distribute 500 grams or more of cocaine. (Docket Nos. 136, 137, 138 in Case No. 3:02-00054). At the subsequent sentencing hearing, the Court sentenced the Petitioner to a total term of 240 months of imprisonment. (Docket Nos. 174, 175, 176, 198 in Case No. 3:02-00054).

The Petitioner appealed his sentence, and the Sixth Circuit vacated the sentence and remanded for re-sentencing, based on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed2d 621 (2005), which was decided while the case was pending on appeal. (Docket Nos. 179, 181, 204 in Case No. 3:02-00054); United States v. Richard Nanez and Kevin C. Neal, 168 Fed.

Appx. 72, 2006 WL 388299 (6th Cir. Feb. 21, 2006)).

On remand, the Court re-sentenced the Petitioner to 240 months. (Docket Nos. 222, 223 in Case No. 3:02-00054). The Petitioner again appealed his sentence and the Sixth Circuit affirmed. (Docket Nos. 224, 228 in Case No. 3:02-00054; United States v. Richard Nanez, 2007 WL 2386474 (6th Cir. Aug. 21, 2007)).

On November 20, 2008, the Petitioner filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence. (Docket No. 1 in Case No. 3:08-1118). The Court denied the Motion and dismissed the case through a Memorandum and Order entered on May 19, 2009. (Docket Nos. 13, 14 in Case No. 3:08-1118). The record indicates that the Petitioner did not appeal.

The pending Motion To Vacate, filed on July 22, 2013, is the second motion Petitioner has filed seeking relief under 28 U.S.C. § 2255. Section 2255(h) provides that a second or successive motion filed under that section must be certified, as provided by 28 U.S.C. § 2244, by an appropriate appeals court as meeting certain criteria. Section 2244(b)(3) provides that certification must be obtained before the petitioner files the second or successive motion in the district court. Petitioner has not complied with that requirement in this case.

Petitioner appears to argue that he has complied with the statute of limitations provision, Section 2255(f)(3), which permits the filing of a motion within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Despite Petitioner's argument to the contrary, there is no authority holding that a second motion to vacate is not subject to the certification requirement of Sections 2255(h) and 2244(b)(3) as long as it complies with the statute of limitations provision.

Accordingly, this case is transferred to the Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, in accordance with In re Sims, 111 F.3d 45 (6th Cir. 1997), and the pending Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence and Memorandum Of Law In Support (Docket Nos. 1, 1-1) is denied and dismissed for lack of jurisdiction.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE